**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

PARNEET SINGH,

    Petitioner,

    v.                                                                No. 2:26-cv-00345-SMD-KRS

MARKWAYNE MULLIN,[1] *et al.*,

    Respondents.

**<u>ORDER GRANTING MOTION TO DISMISS</u>**

THIS MATTER is before the Court on Petitioner's Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 (Doc. 1), and Respondents' Notice of Removal and Motion to Dismiss (Doc. 9).  The Court has reviewed the parties' submissions, the record, and the relevant law, and for the reasons set forth below, the Motion to Dismiss is **GRANTED**, and the Petition for Writ of Habeas Corpus is **DENIED** as **MOOT**.

**BACKGROUND**

Petitioner Parneet Singh, a citizen of India, entered the United States without inspection. Respondents assert that Petitioner arrived on March 1, 2023, but Petitioner maintains that he has lived in the U.S. for three years and has no criminal record.  *See* Doc. 1 at 7; Doc. 8 at 2. Petitioner's Notice to Appear did not classify him as an "arriving alien."  *See* Doc. 8-1.  He challenges his detention without bond hearing as a violation of the Due Process Clause.  Doc. 1 at 6. Petitioner previously withdrew his asylum application to care for his critically ill father abroad. *Id.*  Petitioner asserts that he applied for voluntary departure, but an immigration judge denied the request and issued a deportation order instead.  *Id.* at 7.

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), the case caption shall be updated to reflect that Markwayne Mullin is the Secretary of Homeland Security.

Respondents subsequently filed a response (Doc. 8) and a notice of removal (Doc. 9). They assert that an Immigration and Customs Enforcement ("ICE") attorney informed them on February 23, 2026 that Petitioner had been deported the previous day. Doc. 9 at 2. Consequently, Respondents request that the Court dismiss the Petition as moot for lack of subject matter jurisdiction. Petitioner has not submitted a reply in opposition.

**DISCUSSION**

"Mootness is a threshold issue because the existence of a live case or controversy is a constitutional prerequisite to federal court jurisdiction." *Disability Law Ctr. v. Millcreek Health Ctr.*, 428 F.3d 992, 996 (10th Cir. 2005) (quoting *McClendon v. City of Albuquerque*, 100 F.3d 863, 867 (10th Cir. 1996)). "Without a live, concrete controversy, we lack jurisdiction to consider claims no matter how meritorious." *Habecker v. Town of Estes Park*, 518 F.3d 1217, 1223 (10th Cir. 2008) (quoting *Mink v. Suthers*, 482 F.3d 1244, 1253 (10th Cir. 2007)).

Section 2241 provides a remedy when a petitioner is "in custody in violation of the Constitution or laws . . . of the United States." 28 U.S.C. § 2241(c)(3). Accordingly, the sole issue before the Court is the constitutional sufficiency of Petitioner's detention. Because Petitioner has been deported and is no longer in custody, his claims are now moot, and there remains no further remedy for the Court to grant.

**CONCLUSION**

It is hereby **ORDERED** that Respondents' Motion to Dismiss (Doc. 9) is **GRANTED**, and

Petitioner's Petitioner for Writ of Habeas Corpus (Doc. 1) is **DENIED** as **MOOT**.

**SARAH M. DAVENPORT**
**UNITED STATES DISTRICT JUDGE**